## Roca v. The Banco Territorial y Agrícola et al.

## Appeal from the District Court of Mayagüez.

No. 14.—Decided April 22, 1904.

Mortgage Law.—The cardinal principles upon which the mortgage legislation is based consist in the security of credits guaranteed by real estate and the publicity of the transactions of the Registry of Property, to the end that the true condition of the property may be ascertained; and the person who, in good faith, contracts with reference thereto, cannot be made to suffer any damage by reason of having relied upon the security furnished him by the real estate constituting the subject-matter of the obligation.

Id.—Ownership of Real Estate.—The person whose name appears in the Registry of Property as having a right to real estate is the owner thereof for the purposes of the Mortgage Law.

Id.—Third Persons—Conjugal Property.—An estate having been recorded in favor of a surviving spouse, subsequent to the dissolution of the conjugal partnership, without stating in the entry that said estate is impressed with the character of community property, the person who contracts with reference thereto cannot be made to suffer the consequences of acts which do not clearly, manifestly, and explicitly appear from the Registry; and therefore such person, if he entered into contractual relations with the one who, according to the Registry, appeared to have the right to do so, occupies the position of a third person with respect to any other person asserting a right to the same property.

Id.—Liquidation of the Conjugal Partnership.—The circumstance that an estate originally belonged to a conjugal partnership is not sufficient in itself to consider it as community property, and therefore divisible by halves between the surviving spouse and the heirs of the deceased, unless it appears that a liquidation of the common property and a division of the net surplus among the interested parties were made at the time of the dissolution of the partnership.

Nullity or Cancellation of Entries.—A declaration of nullity or cancellation of the entries made in the Registry is proper only in the cases specified in articles 30, 79 and 80 of the Mortgage Law.

Action for Annulment or Determination of Title—Error, Deceit or Falsity of Consideration.—An action for the annulment of an instrument subject to record is equivalent to an action for the determination of a title, which latter, in cases of error, deceit or falsity of the consideration, is barred in four years computed from the consummation of the contract.

Id.—Third Persons.—Actions for the rescission or determination of a title cannot be maintained against third persons who have recorded their title in the Registry, except in the cases prescribed by article 37 of the Mortgage Law.

Costs.—Costs should be imposed upon the party whose claims are wholly rejected.

### EXPOSICIÓN DEL CASO.

En los autos sobre reivindicación de bienes y nulidad de inscripción hipotecaria, entre partes, de la una, Da. Cristina Roca de Vélez, como demandante, representada y dirigida por su abogado defensor Don Eduardo Acuña, y de la otra, como demandados, el Banco Territorial y Agrícola representado y dirigido por su abogado defensor Don Juan de Guzmán Benítez y Da. Lucía Gregory, que no ha comparecido ante este Tribunal Supremo, no obstante haber sido oportunamente citada y emplazada; autos pendientes ante Nos á virtud del recurso de casación, interpuesto por la representación de la demandante Da. Cristina Roca de Vélez, contra la sentencia dictada por dicha Corte de Distrito de Mayagüez, á diez de Enero de mil novecientos dos, que transcita á la letra dice así:

"*Sentencia.*—En la ciudad de Mayagüez, á diez de Enero de mil novecientos dos.

Vistos en juicio oral y público los autos declarativos seguidos ante este Tribunal entre partes, de la una, como demandante Doña Cristina Roca, vecina de San German, mayor de edad, casada con Don Miguel Vélez, representada y defendida, en un principio, por el Licenciado Don Ignacio Hidalgo y últimamente, por el Letrado Don Alfredo Arnaldo; y de la otra, como demandados, el Banco Territorial y Agrícola de Puerto Rico, representado y defendido por los Letrados Don Juan de Guzmán Benítez y Don Ramón Roura; y Doña Lucía Gregory, viuda, mayor de edad, defendida por el Licenciado Don Juan Quintero; sobre cancelación de una inscripción hipotecaria.

1°. *Resultando*: que la parte actora solicita se cancele la inscripción hipotecaria contenida al folio 224 vuelto, del tomo 15 del Ayuntamiento de San Germán y dejar expedito á la libre disposición de la demandante el condominio que, consistente en cuarenta centavos partes, le corresponde, y que se condene en costas á los demandados, fundándose en que Doña Lucía Gregory, asistida de su esposo Don Tomás Roca, por escritura en San Germán, á 24 de Noviembre de 1860, ante el Escribano entonces Don José Demetrio Quiñones y Ramos, adquirió por título oneroso una finca rústica nombrada "La Lucía" sita en el barrio Sabana Eneas (hoy nombrada Marosua) del término municipal de San Germán, compuesta de ciento diez cuerdas de

## STATEMENT OF THE CASE.

This is an action for the recovery of real estate and for the annulment of a mortgage entry, prosecuted by Cristina Roca de Vélez, as plaintiff, represented by her counsel, Eduardo Acuña, against the defendants, the ''Banco Territorial y Agrícola,'' represented by its counsel, Juan de Guzmán Benítez, and Lucía Gregory, who has made no appearance before this Supreme Court notwithstanding the fact that she was cited and summoned to appear, pending before us on an appeal in cassation taken by counsel for the plaintiff, Cristina Roca de Vélez, from the judgment rendered by the said District Court of Mayagüez, on January 10, 1902, and which judgment reads as follows:

"Judgment.—In the city of Mayagüez, January 10, 1902. An oral and public hearing was had in the declaratory action prosecuted before this court by the plaintiff, Cristina Roca, a resident of San Germán, of legal age, married to Miguel Vélez, and represented, first by Attorney Ignacio Hidalgo, and later by Attorney Alfredo Arnaldo, against the defendants the 'Banco Territorial y Agrícola de Puerto Rico,' represented by its counsel, Juan de Guzmán Benítez and Ramón Roura; and Lucía Gregory, a widow, of legal age, represented by Attorney Juan Quintero, for the cancellation of a mortgage entry.

"The plaintiff prays for the cancellation of the mortgage entry made at folio 224 (reverse side) of volume 15 of the municipality of San Germán, and that she be left to the free disposition of her co-ownership in the aforesaid tract of land consisting of 40/100 parts thereof, and that defendants be adjudged to pay the costs. The plaintiff bases her complaint on the fact that Lucía Gregory, together with her husband, Tomás Roca, by deed executed in San Germán, on November 24, 1860, before José Demetrio Quiñones y Ramos, then an *escribano* (notary public), acquired for a valuable consideration the rural estate called 'La Lucía,' situated in *barrio* 'Sabana Eneas' (now known as 'Maresua'), within the municipal district of San Germán, composed of one hundred and ten *cuerdas* of land, more or less, planted to coffee, plantains, cacao, different varieties of fruit trees, woodland and pasture, there being situated thereon a single-story frame dwelling-

terreno, más ó menos, en café, plátanos, cacao, varios árboles frutales, monte y pasto con casa habitación de madera y tejas, terrera, con su cocina de lo mismo y azotea; cuyo título de compra se inscribió en el Registro; que el propio día 24 de Noviembre de 1860, los esposos Roca y Gregory ante el propio Escribano, otorgaron mancomunadamente disposición testamentaria y en la cláusula quinta instituyeron por su única y universal heredera á su hija Da. Cristina, la demandante, en el remanente de sus bienes, derechos y acciones, declarando por la cláusula sexta, por sus· bienes, la estancia antes referida; que Don Tomás Roca falleció bajo esa disposición testamentaría en 7 de Diciembre de 1886; que en el 26 de Febrero de 1896 Doña Lucía Gregory, de estado viuda y el Banco Territorial y Agricola, concertaron un préstamo hipotecario sobre la indicada finca, estimándose erroneamente de la exclusiva pertenencia de la Señora Gregory, no obstante constar por el título de propiedad que la hubo en unión de su esposo Don Tomás Roca, y á pesar de ello se inscribió ese préstamo en el Registro; y que la demandante ha obstentado por espacio de algunos años la cualidad de poseedora material del dominio que le corresponde en dicha finca y actualmente se halla despropiada de tal posesión interesando la material pérdida é inscribir la real, ó sea su título de herencia, libre de grávamen cual corresponde.

2. *Resultando*: que por la parte actora se acompaña, la escritura de adquisición de la finca, copia simple del testamento otorgado por Don Tomás Roca y Da. Lucía Gregory, y certificación de la inscripción de defunción de Don Tomás Roca.

3. *Resultando*: que conferido traslado de la demanda á los demandados, lo evacuó "El Banco Territorial y Agrícola" solicitando que se declare sin lugar la demanda, absolviéndosele de ella por ser improcedente la cancelación de la inscripción hipotecaria solicitada, sin la previa de nulidad del contrato; y en su defecto, por no tener la demandante acción contra el Banco Territorial y Agrícola, tanto por su condición de tercero cuanto por no haber presentado título inscrito en el Registro y por haber transcurrido el término para ejercitar la acción de nulidad con las costas á la parte actora; fundándose en que Da. Lucía Gregory como dueña en plena propiedad y dominio de la finca y mediante poder especial conferido á Don Manuel F. Rossy y en 6 de Febrero de 1896 ante el Notario Don José R. Nazario de Figueroa reconoció por escritura de 26 del mismo mes ante el Notario Don Maurico Guerra, deber al Banco Territorial cinco mil pesos que recibió en calidad de préstamo, que garantizó en hipo-

house, with a flat tile roof and a kitchen built of the same material. The said deed of purchase was recorded in the Registry of Property. On the same date, November 24, 1860, the spouses, Roca and Gregory, executed before the same *escribano* (notary public) a joint will, in the fifth clause whereof they designated their daughter Cristina, the plaintiff herein, as their sole and universal heir to their remaining properties, their rights and actions, and stating in the sixth clause thereof that their property consisted of the aforementioned estate. Tomás Roca died leaving the said will on December 7, 1886. On February 26, 1886, Lucía Gregory, being then a widow, contracted with the 'Banco Territorial y Agrícola' for a loan secured by the mortgage of the aforesaid estate, the same being erroneously stated therein to be the exclusive property of Mrs. Gregory, notwithstanding the fact that it appears from the title of ownership that she acquired it jointly with her husband, Tomás Roca, and in spite of that fact the said mortgage was entered in the Registry of Property. The plaintiff for a number of years occupied and enjoyed the material possession of her share of the co-ownership of the estate, but is at the present time deprived of said possession, for which reason she claims the material loss which she has thereby suffered, and demands that her title be recorded, that is to say, the title of inheritance, free from incumbrance, to which she is entitled.

"The plaintiff attached to the complaint the deed of purchase of the estate, a copy of the will executed by Tomás Roca and Lucía Gregory, and a certified copy of the record of the death of Tomás Roca.

"Notice of the complaint having been served upon the defendants, the 'Banco Territorial y Agrícola' answered the same praying that the said complaint be dismissed and that it be released therefrom on the ground that the cancellation of the mortgage prayed for cannot be decreed unless the contract is null; and in case the court should not sustain this view, that it dismiss the complaint and release the defendants therefrom on the ground that the plaintiff has no cause of action against the 'Banco Territorial y Agrícola,' first, for the reason that it is the third party, and, second, because she has presented no title recorded in the Registry of Property, and because the time within which an action for annulment can be brought has expired, and that the costs be taxed against the said plaintiff. Defendant alleges in support of its answer that Lucía Gregory, as the absolute owner of the property in and the title to the estate, and by a special power of attorney conferred upon Manuel F. Rossy on February 6,

teca sobre la misma finca, inscribiéndose el gravámen en el Registro; que Doña Cristina Roca, que dice ser dueña de un condominio en esa finca, conocía perfectamente esa operación, toda vez que hasta su esposo Don Miguel Velez intervino en ella sin que protestase del gravámen que sobre la finca se imponía y sin que se cuidase de hacer constar en el Registro de la Propiedad sus pretendidos derechos, á pesar de haber transcurrido muchos años desde la muerte de su padre Don Tomás Roca y de haber cumplido su mayor edad; que ahora que el Banco Territorial y Agrícola se ha visto obligado á ejecutar la finca hipotecada es que surgen las reclamaciones de Da.Cristina contra los actos de su Señora madre; que Da. Cristina ha estado y está viviendo con su madre, cooperó en unión de su esposo para que la Sra. Gregory obtuviese el préstamo del Banco, disfrutó de los beneficios del préstamo y jamás reclamó los derechos de dueña ni pagó contribuciones de la finca ni dió conocimiento oportunamente al Banco de su derecho, ocultándolo en la sombra mientras disfrutaba de los beneficios de ese mismo contrato, cuya nulidad reclama ahora que el Banco cobra lò que se le debe; que según el Registro de la Propiedad y declaraciones de Da. Lucía Gregory al recibir el préstamo del Banco, ella era la única dueña de la finca hipotecada, sin que resulte clara y explícitamente el derecho de Da. Cristina Roca, lo cual ha dejado transcurrir mucho más de cuatro años teniendo conocimiento de la hipoteca del Banco y sin reclamar contra ella, y que, á pesar de que Don Tomás Roca falleció en 7 de Diciembre de 1886, Doña Cristina no se ha cuidado de reclamar la determinación de sus pretendidos derechos y su inscripción en el Registro, á pesar de que sabía perfectamente que su Sra. madre Da. Lucía Gregory, con la cual vivía, hipotecó la finca al Banco en garantía de cantidades que éste le entregara. Y la demandada Doña Lucía Gregory se allanó á los hechos de la demanda.

4. *Resultando* : que convocadas las partes á comparecencia para proponer prueba, solo concurrieron la demandante y el Banco Territorial y Agrícola, formulando por escrito la que creyeron conveniente que fué admitida y practicada.

1896, before Notary José R. Nazario de Figueroa, plaintiff acknowledged by a deed executed on the 26th of the same month before Notary Mauricio Guerra that she owed the 'Banco Territorial y Agrícola' the sum of five thousand dollars, which she received as a loan guaranteed by mortgage upon the said property, the said incumbrance being recorded in the Registry of Property; that Cristina Roca, who claims to be the owner of an interest in the said estate, was well aware of that transaction, since even her husband, Miguel Vélez, took part in the same, she not having made any protest against incumbering the estate, and without having taken the trouble of having her alleged rights recorded in the Registry of Property, notwithstanding the fact that many years have passed since the death of her father, Tomás Roca, and that she had reached her majority; that now that the 'Banco Territorial y Agrícola' has been obliged to foreclose the mortgage upon the estate, Cristina Roca makes her claim against acts consummated by her mother; that Cristina has been and is living with her mother, and co-operated with her husband in assisting her mother Gregory to secure a loan from the bank; that she enjoyed the benefits of the loan and never claimed her rights as owner, and did not pay the taxes on the estate, nor did she advise the bank in due time of her right, concealing the same while she enjoyed the benefits of the contract whose annulment she demands now that the bank attempts to collect what is due it; that according to the Registry of Property and the declaration of Lucía Gregory, upon receiving the loan from the bank she was the absolute owner of the mortgaged estate, the rights of Cristina Roca not being made clearly and explicitly to appear, she having permitted more than four years to elapse while aware of the existence of the mortgage held by the bank, and without making any claim against the same; and in spite of the fact that Tomás Roca died on December 7, 1886, Cristina has never taken steps to secure a determination of her alleged rights and the admission thereof to record in the Registry of Property, notwithstanding the fact that she knew perfectly well that her mother Lucía Gregory, with whom she was living, mortgaged the estate to the bank to secure the amount of the loan which was delivered to her by the said bank. The defendant Lucía Gregory admitted the facts alleged in the complaint.

''The parties having been summoned to appear and propose their evidence, only the plaintiff and the 'Banco Territorial y Agrícola' appeared, making such allegations in writing as they deemed proper, and the evidence was introduced and admitted.

5. *Resultando* de la prueba de la parte actora, que se trajo cópia auténtica del testamento otorgado por los esposos Don Tomás Roca y Da. Lucía Gregory en 24 de Noviembre de 1860.

6. *Resultando* de la prueba del Banco Territorial y Agrícola, que se acompañó una instancia suscrita por Don Miguel Velez, dirigida al Registrador de la Propiedad dé San Germán, sobre el estado de cargas ó libertad de gravámen de la finca Lucía, inscrita al folio 123 del tomo 15 de San Germán y la certificación librada por el Registrador á continuación; varios recibos de la contribución territorial á favor de Doña Lucía Gregory expedidos en 12 de Junio último; se trajo certificación comprensiva de la escritura de constitución del préstamo, otorgada por Da. Lucía Gregory á favor del Banco, cuya escritura aparece en el juicio ejecutivo seguido por el último contra la primera ante este Tribunal para hacer efectivo dicho préstamo; certificación del Registrador de la Propiedad de San Germán, que contiene la inscripción literal de la estancia nombrada Lucía, á favor de Don Salvador Gregory y definitivamente la finca de su hija Da. Lucía Gregory de Roca, que la adquiere por título de compra; inscripción literal de la hipoteca constituida sobre esa finca por Da. Lucía Gregory á favor del Banco Territorial y Agrícola, haciendo constar el Registrador que sobre esa finca no se ha hecho ni solicitado inscripción alguna á favor de Da. Cristina Roca, como heredera de Don Tomás Roca, ni existía presentado ningún documento que á ello se refiriera, y sólo aparece la anotación preventiva de la presente demanda; se trajo certificación de la Alcaldía Municipal de San Germán creditiva de que en los repartos de la riqueza agricola desde el año 1895 á 96, hasta el de 1900 á 1901, aparece Doña Lucía Gregory de Roca, contribuyente al Tesoro y Municipio por una finca rústica en el barrio de Maresua, de cien cuerdas, sin que aparezca en ninguno de dichos años contribuyendo por el expresado concepto Da. Cristina Roca de Velez; y por último en el acto del juicio oral, declararon Da. Cristina Roca, que ignoraba la hipoteca, haciendo quince años que falleció su padre entablando la presente demanda el año pasado; y su esposo Don Miguel Velez reconoció como suya y de su puño y letra, la firma y.rúbrica que autoriza el escrito dirigido al Registrador de la Propiedad, folio 56.

7. *Resultando*: que en el día y hora señalado se votó en público la sentencia.

8. *Resultando*: que en la sustanciación de estos autos se han observado las prescripciones legales.

"It appears from the evidence of the plaintiff that an authentic copy of the will executed by Tomás Roca and Lucía Gregory on November 24, 1860, was introduced.

"It appears from the evidence of the 'Banco Territorial y Agrícola' that the said bank produced a communication signed by Miguel Vélez, addressed to the Registry of Property of San Germán, in regard to charges upon or freedom from incumbrance of the estate 'Lucia,' recorded at folio 123 of volume 15 of San Germán, and the certificate issued by the registrar which follows; several receipts for taxes upon real estate in favor of Lucía Gregory issued on the 12th of June last. The bank also introduced a certificate embodying the deed constituting the loan executed by Lucía Gregory in favor of the bank, which deed appears in the record of the executory action prosecuted by the latter against the former before this court to recover the amount of said loan; a certificate of the registrar of property of San Germán containing the inscription of the estate called 'Lucía' in the name of Salvador Gregory, who acquired the same by purchase; the inscription of the mortgage executed upon the said estate by Lucía Gregory in favor of the 'Banco Territorial y Agrícola,' the registrar stating that no inscription whatever of that estate has either been made in favor of Cristina Roca, or applied for by her as the heir of Tomás Roca, and that no document referring thereto had been presented, and that there only appears the cautionary notice of this action. The bank also introduced a certificate of the office of the mayor of San Germán, showing that on the assessment rolls of agricultural property for the year 1895-96 to the year 1900-01, Lucía Gregory de Roca appears as a taxpayer to the Insular Treasury and to the municipality upon a rural estate situated in *barrio* 'Maresua,' consisting of one hundred *cuerdas*, it not appearing that Cristina Roca de Vélez paid any taxes thereon during the said period; and finally, at the oral trial, Cristina Roca testified that she had no knowledge of the mortgage, it being fifteen years since her father died, she having filed this action last year; and her husband, Miguel Vélez, acknowledged that the signature and rubric affixed to the writing addressed to the registrar of property, and appearing on folio 56, was his and that it was made in his own handwriting.

"On the date and hour fixed therefore the vote was taken upon the judgment herein in open court.

"All the legal provisions have been complied with in the conduct of this proceeding.

*Visto,* siendo instructor para la redacción de esta sentencia el Sr. Juez Presidente Don Arturo Aponte Rodríguez por imposibilidad del Sr. Erwin.

1.    *Considerando*: que el punto objeto de debate en este pleito estriba en si es procedente la cancelación de la inscripción de un préstamo hipotecario otorgado á favor del Banco Territorial y Agrícola de Puerto Rico por Da. Lucía Gregory y Lugo, ya de estado viuda el 26 de Febrero de 1896, ante el Notario de San Juan, Don Mauricio Guerra Mondragón, cuando adquirió la finca objeto de la hipoteca durante su matrimonio con Don Tomás Roca por compra á su legítimo padre Don Salvador Gregory, por lo cual debe reputarse como ganancial, y en consecuencia, que sin liquidación del caudal del marido y sin autorización de todas las personas llamadas á suceder al Roca, no ha podido celebrarse la obligación que es nula en una cuarenta centavas partes del valor de la finca que corresponden á Da. Cristina Roca.

2.    *Considerando*: que los principos cardinales en que descansa la legislación hipotecaria de Puerto Rico son el de la seguidad del credito territorial y el de la publicación de las operaciones del Registro para que de esta suerte, el que tenga un interés legítimo en conocer el estado de la propiedad y el que contrate después de haberlo examinado, no puedan sufrir un perjuicio cuando de buena fé no tuvo otro objeto al celebrar la obligación que la fijeza que le prestaba la garantía del inmueble, motivo del acto realizado.

3.    *Considerando*: que para los efectos de la ley hipotecaria es dueño del inmueble la persona que en el Registro aparezca con derecho sobre ella; y claro es que si la finca hipotecada al Banco Territorial y Agrícola de Puerto Rico por Da. Lucía Gregory y Lugo aparece registrada á su nombre desde el 21 de Marzo de 1893, próximamente siete años después de la muerte de su esposo, si en esa inscripción nada se alude á la naturaleza de bienes gananciales del derecho que se inscribe y si por la inversa se presenta el título de adquisición que dá orígen al dominio, sin otra limitación que una hipoteca anterior que constaba del Registro, el prestamista, que es el Banco Territorial y Agrícola de Puerto Rico, no puede sufrir las consecuencias de hechos que no constaban claros, manifiestos y explícitos del Registro, á tenor de lo preceptuado en el artículo 34 de la Ley Hipotecaria.

4.    *Considerando*: que no puede alegarse por la demandante que el Banco Territorial y Agrícola de Puerto Rico no es tercero, fundada

"Presiding Judge Arturo Aponte Rodríguez prepared the judgment in this case, it being impossible for Judge Erwin to do so.

"The question at issue in this case is whether it is proper to order the cancellation of a mortgage executed in favor of the 'Banco Territorial y Agrícola de Puerto Rico' by Lucía Gregory y Lugo, after she had become a widow, on February 26, 1896, before Mauricio Guerra y Mondragón, of San Juan, when she acquired the estate incumbered by the mortgage during the existence of her married life with Tomás Roca by purchase from her legitimate father, Salvador Gregory, and therefore should be considered as community property and consequently that in the absence of a liquidation of the assets of the husband, and without the authorization of all the parties who might legally succeed Roca, the contract could not be legally executed and is null and void as to the 40/100 parts of the value of the estate which belongs to Cristina Roca.

"The cardinal principles upon which the Mortgage Law for Porto Rico is based consist in the security of credits guaranteed by real estate and the publicity of the transactions of the Registry, to the end that a person who may have a lawful interest in ascertaining the condition of property, and the person entering into contracts and having examined the same may not suffer loss or injury when in good faith his only object in entering into the obligation was the stability of the security offered by the real estate upon which the transaction was based.

"For the purposes of the Mortgage Law, the owner of real estate is the person in whose name the same appears in the Registry, and it is clear that if the estate mortgaged to the 'Banco Territorial y Agrícola de Puerto Rico' by Lucía Gregory y Lugo is recorded in its name in the Registry of Property since March 21, 1893, approximately seven years after the death of her husband, if no allusion is made in the said entry to the nature of the community property of the right recorded, and if on the other hand the title of acquisition, which is the origin of the ownership, is presented with no incumbrance other than a prior mortgage which appeared in the Registry, the mortgagee, which in this case is the 'Banco Territorial y Agrícola de Puerto Rico,' cannot be made to suffer the consequences of facts which did not clearly, explicitly, and manifestly appear in the Registry, according to the provisions of article 34 of the Mortgage Law.

"It cannot be alleged by the plaintiff that the 'Banco Territorial y Agrícola de Puerto Rico' is not a third person, on the ground that

en qué lo que se pretende es la nulidad ó cancelación de la inscripción de un contrato en que es aquél parte, porque á esa objeción puede contestarse diciendo que el Banco es tercero con respecto á Don Tomás y á su hija Da. Cristina, que trae causa de éste, y además que dicho Banco Territorial contrató con la persona á quien según el Registro le pertenecía en propiedad la finca para poder hipotecarla, requisito, este último, que es uno de los esenciales de toda obligación, según el artículo 1857 del Código Civil y 138 de la Legislación Hipotecaria.

5. *Considerando*: que partiendo de esta base ya aceptada por el Tribunal Supremo de Justica, en casación de 10 de Mayo de 1879, no puede Doña Cristina Roca llamarse dueña de cuarenta centavas partes de la finca hipotecada, por cuanto no ha acreditado el derecho que reclama con título debidamente inscrito á su nombre en el Registro de la Propiedad.

6. *Considerando*: que aún en la hipótesis de que á la demandante asistiese algún derecho, no se ha justificado que la inscripción hipotecaria adolece de la falta de circunstancias previstas en el artículo 30 de la Ley Hipotecaria ni que concurre ninguno de los motivos especificados en los artículos 79 y 80 del mismo cuerpo legal.

7. *Considerando*: que la petición de nulidad de un acto sujeto á Registro equivale al ejercicio de una acción resolutoria y sabido es que las acciones de este orden, según el artículo 1301 del Código Civil, sólo duran cuatro años contados en los casos de error, dolo ó falsedad de la causa, desde la consumación del contrato, término que en el caso presente ha transcurrido con exceso.

8. *Considerando*: que las acciones rescisorias y resolutorias no se dan contra tercero que haya inscrito su título en el Registro, sino en los casos prefijados en el artículo 37 de la Ley Hipotecaria y en ninguno de ellos se encuentra el alegado por Doña Cristina Roca, pues del Registro no aparece causa alguna que impidiera la inscripción de la hipoteca constituida.

9. *Considerando*: que no obstante lo expuesto, si algún derecho pudiera asistir á Doña Cristina Roca, será, ó contra Doña Lucía Gregory ó, si acaso, contra el Registrador, si fué mal calificado el título inscrito, según viere convenirle, pero no contra el que contrató consultando con el Registro el estado del inmueble.

what is sought, is the annulment or cancellation of a contract to which the former is a party, because that objection may be answered by saying that the bank is a third person with respect to Tomás Roca and his daughter, Cristina, who succeeded the said Tomás Roca as his heir, and further that the said 'Banco Territorial y Agrícola de Puerto Rico' contracted with the person to whom, according to the Registry of Property, the ownership of the estate belonged and who could mortgage the same, this latter requisite being one of the essential conditions of every obligation according to article 1857 of the Civil Code and article 138 of the Mortgage Law.

"Based upon these principles, which have been upheld by the Supreme Court of Justice in an appeal in cassation, decided May 10, 1879, Cristina Roca cannot call herself the owner of a 40/100 interest in the mortgaged estate, for the reason that she has not proved the right under which she makes her demand by the presentation of a title duly recorded in her name in the Registry of Property.

"Even supposing that the plaintiff did possess some rights, she has not shown that the inscription is wanting in the condition prescribed by articles 30 of the Mortgage Law, or that any of the causes specified in articles 79 and 80 of the said legal text exists.

"An application for the annulment of an instrument subject to record in the Registry of Property is equivalent to an action for the determination of title, and it is well known that actions of this character, according to article 1301 of the Civil Code, are barred after four years counted in cases of error, deceit or falsity of the consideration from the date of the execution of the contract, and in the present case said period has more than expired.

"Actions for rescission and actions for the determination of title will not lie against a third person who has recorded his title in the Registry of Property, except in the cases mentioned in article 37 of the Mortgage Law, and the one alleged by Cristina Roca does not come within those mentioned in the aforesaid article, since no cause whatever appears from the Registry which would prevent the inscription of the mortgage involved in this case.

"Notwithstanding the foregoing facts, if any right of action exists in favor of Cristina Roca, it is either against Lucía Gregory, or possibly against the registrar of property, for the title recorded was improperly classified, as she may think best, but not against the party who entered into the contract after consulting the registrar in regard to the status of the real estate.

10. *Considerando*: que las costas deben imponerse á la parte cuando sean totalmente desestimadas sus pretensiones.

*Vistas* las disposiciones citadas y los artículos 18, 27, 36, 105 y 139 de la Ley Hipotecaria y el 63 de la Orden General 118, serie de 1899.

Fallamos que debemos declarar, y declaramos sin lugar, la presente demanda absolviendo de ella al Banco Territorial y Agrícola con las costas á la demandante á quien se reserva su derecho para que lo ejercite ante, contra y quien pueda convenirle.

Así por esta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos.''

*Resultando* que contra esta sentencia interpuso la representación de Da. Cristina Roca recurso de casación por infracción de ley, que le fué admitido, y que elevados los autos á esta Superioridad con citación y emplazamiento de las partes y personadas éstas, á excepción de la demandada Doña Lucía Gregory, é interpuesto el recurso por la representación de la parte recurrente, se dió á éstos autos la tramitación marcada por la ley de la Asamblea Legislativa de esta Isla de 12 de Marzo de 1903, convirtiendo esta Corte Suprema en Tribunal de apelación, y citadas las partes para sentencia, con señalamiento de día para la vista, se verificó ésta con asistencia de los abogados defensores de las partes.

Abogado del apelante: *Sr. Acuña (Eduardo)*.

Abogado del apelado: *Sr. Guzmán Benítez (Juan)*.

La otra parte apelada no compareció.

El Juez Asociado, Sr. MacLeary, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada, y además.

*Considerando*: que si bien atendido al título de adquisición de la finca rústica de que se trata en estos autos, perteneció en su origen á la sociedad conyugal constituida por los esposos Don Tomás Roca y Da. Lucía Gregory, esta circunstancia por si sola no basta par estimar como ganancial la finca de que se trata, y por lo mismo divisible de por mitad entre el cónyuge

"Costs should be taxed against the party whose demands have been in all things denied.

"In view of the legal provisions cited, and articles 18, 27, 36, 105 and 139 of the Mortgage Law, and article 63 of General Order 118, series of 1899, we adjudge that we should dismiss and do dismiss this complaint, releasing the 'Banco Territorial y Agrícola' therefrom, with costs against the plaintiff, reserving to her her rights in order that she may exercise the same against whomsoever she may deem proper.

"Thus by this our judgment, finally adjudging, do we pronounce, command and sign."

From this judgment counsel for Cristina Roca took an appeal in cassation for error of law, which was allowed, and the record having been sent to this Supreme Court, and the parties having been summoned and cited, and they having entered their appearance here, with the exception of the defendant, Lucía Gregory, and the appeal having been perfected by the appellant, the procedure was followed herein which is provided for by the act of the Legislative Assembly of this Island of March 12, 1903, converting this Supreme Court into a court of appeals, and the parties having been cited for judgment and a day having been set for a hearing, the same took place in due time, counsel for all the parties being present.

Mr. *Acuña (Eduardo)*, for appellant.

Mr. *Guzmán Benítez (Juan)*, for respondent.

The other party did not appear.

MR. JUSTICE MacLEARY, after stating the foregoing facts, delivered the opinion of the court.

The findings of fact and conclusions of law of the judgment appealed from are accepted.

Furthermore, although it may be considered that the title of purchase to the rural estate involved in this case originally resided in the conjugal partnership entered into by the spouses, Tomás Roca and Lucía Gregory, this circumstance is not sufficient in itself for holding that the estate in question is community property, and therefore divisible by halves between

sobreviviente y los herederos del difunto, toda vez que no consta que al disolverse la sociedad conyugal, por el fallecimiento del esposo, se hubiera practicado la liquidación del haber común y la división del sobrante líquido que resultara, entre los interesados, y que se le hubiera adjudicado á la demandante, como heredera de su difunto padre, la participación que reclama en la finca de que se trata, faltándole por consiguiente, acreditar el título de dominio indispensable para ejercitar la acción deducida en la demanda.

*Vistas* las disposiciones legales citadas en dicha sentencia.

*Fallamos* que debemos confirmar y confirmamos la sentencia apelada con las costas á la parte apelante.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández y Figueras.

El Juez Asociado, Sr. Sulzbacher, no formó Tribunal en la vista de este caso.

the surviving spouse and the heirs of the deceased, inasmuch as it does not appear that at the time of the dissolution of the conjugal partnership by the death of the husband that a liquidation of the common property had been made and that a division of the net surplus among the interested parties had been effected, and that the share claimed in the said estate had been awarded to the plaintiff as heir of her deceased father, and that she therefore failed to establish the title of ownership necessary to maintain the action set forth in the complaint.

Having examined the legal provisions cited in said judgment, we adjudge that we ought to affirm and do affirm the judgment appealed from, with costs against the appellant.

Chief Justice Quiñones and Justices Hernández and Figueras concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.